1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK C. J.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:24-CV-5252-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

15

16

17

18

19

20

21

22

23

24

        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider two medical opinions. Had the ALJ properly considered the evidence, the ALJ may have found the residual functional capacity ("RFC") assessment should have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

---

        [1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

1

## I.     Procedural History

2      Plaintiff applied for benefits in September of 2022, alleging disability as of January 11,

3  2022. Dkt. 7, Administrative Record ("AR") 18. The application was denied on initial review

4  and reconsideration and, on February 14, 2024, ALJ Lawrence Lee determined Plaintiff was not

5  disabled. AR 18-32. The Appeals Council denied Plaintiff's request for review, making the

6  February 2024 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. §§

7  404.981, 416.1481.

8

## II.     Standard of Review

9      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

10  social security benefits if the ALJ's findings are based on legal error or not supported by

11  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

12  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is

13  "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

14  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the

15  reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

16  ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014)

17  (citation omitted).

18

## III.     Discussion

19      In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly rejecting the

20  medical opinion evidence from Dr. Michelle Maciel, Psy.D. and Christine Hassel, L.M.F.T.; (2)

21  improperly rejecting Plaintiff's testimony; (3) failing to properly consider the lay evidence from

22  Erin J. and Patrick Clifford; and (4) issuing an incomplete RFC. Dkt. 9. Plaintiff requests this

23  matter be remanded to the Administration for an award of benefits. *Id*. at 18.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1    A.  *Medical Opinion Evidence*

2         First, Plaintiff alleges the ALJ erred in his consideration of the opinions of Dr. Maciel

3    and Ms. Hassell. Dkt. 9. Under the revised regulations, ALJs "will not defer or give any specific

4    evidentiary weight, including controlling weight, to any medical opinion(s) or prior

5    administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Instead, ALJ's

6    must consider every medical opinion or prior administrative medical findings in the record and

7    evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a),

8    416.920c(a). The two most important factors are the opinion's "supportability" and

9    "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency

10   factors for a medical source's medical opinions or prior administrative medical findings in [their]

11   . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means

12   the extent to which a medical source supports the medical opinion by explaining the 'relevant . . .

13   objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20

14   C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a

15   medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical

16   sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

17        i.    Dr. Maciel

18        On April 8, 2023, Dr. Michelle Maciel, Psy.D. performed a psychiatric evaluation of

19   Plaintiff. AR 1728-31. After conducting a clinical interview and a mental status exam ("MSE"),

20   Dr. Maciel diagnosed Plaintiff with posttraumatic stress disorder ("PTSD") and major depressive

21   disorder, recurrent, severe. AR 1730. She opined that Plaintiff would have difficulty interacting

22

23        [2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed
on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to
24   Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim
after that date, the new regulations apply. *See* 20 C.F.R.  §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

1   with co-workers and the public, maintaining regular attendance and completing a normal

2   workday/workweek without interruptions from a psychiatric condition, and dealing with the

3   usual stress encountered in the workplace. AR 1731. Dr. Maciel found Plaintiff would not have

4   difficulty managing his funds, performing detailed and complex tasks, accepting instructions

5   from supervisors, or performing work activities on a consistent basis without special or

6   additional instructions. AR 1731.

7          In considering Dr. Maciel's opinion, the ALJ stated he accounted for Plaintiff's

8   difficulties in interacting with others in the RFC, but found the remaining opined limitations

9   were not supported by the record. AR 28-29.[3] Specifically, the ALJ found Dr. Maciel's opinion

10  was (1) not supported by her own examination and (2) not supported by treatment notes in the

11  record. AR 28-29.

12         First, the ALJ discounted Dr. Maciel's opinions because the opinions were not supported

13  by Dr. Maciel's own examination. AR 28. The ALJ detailed Dr. Maciel's examination results,

14  but he did not adequately explain how Dr. Maciel's opinion is inconsistent with her own

15  examination results. *See* AR 28. Instead, the ALJ "merely states" the examination findings "point

16  toward an adverse conclusion" but "makes no effort to relate any of these" findings to "the

17  specific medical opinions and findings [he] rejects." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th

18  Cir. 1988). "This approach is inadequate." *Id.* As the ALJ only provided a list of Dr. Maciel's

19  findings and stated those findings do not support Dr. Maciel's opinion, the Court finds this is not

20  a sufficient reason to find Dr. Maciel's opinion unpersuasive. *Id.* at 421 (an ALJ errs when he

21

22

23         [3] The Court notes that Plaintiff has not argued the ALJ erred by failing to include limitations in the RFC related to Dr. Maciel's opinion that Plaintiff would have difficulties interacting with co-workers and the public. Dkt.
24  9 at 4. As Plaintiff has not raised this argument, the Court will not determine if the ALJ sufficiently accounted for these limitations in the RFC.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1    states a medical opinion is contrary to the objective findings without further explanation, "even

2    when the objective factors are listed seriatim").[4]

3          Second, the ALJ found Dr. Maciel's opinion was not supported by treatment records. AR

4    28-29. The ALJ stated that the treatment records did not reflect "such significant symptoms" as

5    opined to by Dr. Maciel. AR 28-29. He concluded that Dr. Maciel's opinion was inconsistent

6    with the record because the record reflected normal MSEs. *See* AR 29. The ALJ again listed the

7    objective evidence without providing an adequate explanation for why those findings conflict

8    with Dr. Maciel's opinion. AR 29. This is insufficient. The ALJ's duty to "set forth" his

9    reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 487,

10   492 (9th Cir. 2015), requires building an "accurate and logical bridge from the evidence to [the

11   ALJ's] conclusions." *Michael D. v. Comm'r of Soc. Sec.*, No. 2:22-CV-464-DWC, 2022 WL

12   4377400, at *3 (W.D. Wash. Sept. 22, 2022) (quoting *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th

13   Cir. 2003)). The ALJ failed to explain how the cited records are inconsistent with Dr. Maciel's

14   opinion and, thus, failed to set forth reasoning that allows this Court to meaningfully review his

15   decision. *See Woods,* 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an

16   examining or treating doctor's opinion as unsupported or inconsistent without providing an

17   explanation supported by substantial evidence.").

18         Furthermore, an ALJ cannot cherry-pick some of a provider's characterizations but,

19   rather, must evaluate a conflict between treatment notes and medical opinions "in context of the

20   overall diagnostic picture the provider draws." *Ghanim Colvin*, 763 F.3d 1154, 1162 (9th Cir.

21   2014) (internal quotations omitted). The treatment notes the ALJ cited show that Plaintiff's

22   ─────────────

23   [4] The ALJ mentioned Plaintiff may have been experiencing exacerbated symptoms due to a recent surgery.
     AR 28. This is speculation. *See* AR 28, 135. Therefore, this is not sufficient to reject Dr. Maciel's opinion. Further,
     this finding does not appear consistent with Plaintiff's treatment notes that show consistent mental health symptoms.

24   And, claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles,
     cycles of improvement, and mixed results from treatment. *Garrison*, 759 F.3d at 1009.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

providers noted a restricted affect and mood without additional abnormal findings. AR 599, 606-07, 744; *see also* AR 1161, 1808 (noting affect was full range and appropriate). However, the treatment notes also state Plaintiff reported his mood had not improved on medications, he still felt low, he was having crying spells, he had difficulty enjoying things, and he felt tired. AR 606. At a different appointment, Plaintiff stated his mood was not as good and he had more anxiety. AR 1161. Additional treatment notes show Plaintiff spontaneously cries, has difficulty concentrating, has pervasive self-doubt, and has frequent intrusive negative thoughts. *See* AR 1870. Plaintiff is afraid of the dark, panicky, and his generalized fear is rated at a 9 out of 10. AR 1870-83. The ALJ's failure to address and consider this evidence is error. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (finding an ALJ must not "cherry-pick" certain observations without considering their context). For these reasons, the ALJ's finding that Dr. Maciel's opinion is not supported by the treatment records is insufficient to find Dr. Maciel's opinion unpersuasive.

In summation, the ALJ did not provide adequate reasons, supported by substantial evidence for discounting Dr. Maciel's opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered all of Dr. Maciel's opined limitations, the RFC would have included additional limitations. Dr. Maciel found Plaintiff would have difficulties interacting with the public and co-workers, maintaining regular attendance and completing a normal workday without interruptions, and dealing with the usual workplace stress. The RFC failed to include any limitations related to workplace attendance or dealing with workplace stressors. *See* AR 23. The ultimate disability determination may change if limitations opined to by Dr. Maciel are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

ii.    Ms. Hassell

On December 6, 2023, Ms. Hassell, Plaintiff's treating therapist, provided a statement in support of Plaintiff's application for DIB. AR 1889. Ms. Hassell opined that Plaintiff's severe anxiety in social settings prevents Plaintiff from effectively engaging with colleagues, customers, or supervisors. AR 1889. His anxiety also necessitates abrupt departures from situations, which impacts his ability to complete tasks and meet basic work expectations. AR 1889. Finally, Ms. Hassell stated that Plaintiff has a pervasive sense of dread that hinders his ability to maintain a consistent presence at work. AR 1889.

The ALJ stated that he considered Ms. Hassell's opinion and found it unpersuasive. AR 29. He found Ms. Hassell's opinion was (1) not well-supported by her treatment notes and (2) not supported by the longitudinal record. AR 29.

First, the ALJ found Ms. Hassell's opinion was not supported by her treatment notes. AR 29. A conflict between treatment notes and a medical opinion may constitute an adequate reason to discount that doctor's opinions. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion). Yet, as stated above, ALJs may not selectively pick

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

1    evidence from the record to support their findings. *See Holohan v. Massanari*, 246 F.3d 1195,

2    1207 (9th Cir. 2001) (finding that the ALJ erred by selectively picking some entries in the record

3    while ignoring others).

4              Ms. Hassell's treatment notes indicate Plaintiff has difficulty concentrating, pervasive

5    self-doubt, and frequent intrusive thoughts. *See* AR 1870. Her notes also include hand-written

6    comments indicating Plaintiff spontaneously cries, is afraid, has fatigue, and is panicky with an 8

7    out of 10 on the subjective units of distress scale. AR 1870-83. The Court finds these "brief"

8    hand-written notes, which the ALJ disregarded, provide sufficient information to support Ms.

9    Hassell's opinion. While Ms. Hassell indicates she assessed no significant risks to Plaintiff, the

10   ALJ does not explain how this finding is inconsistent with her opinion that his symptoms prevent

11   him from completing a successful workday. The Court finds the ALJ failed to adequately

12   consider the totality of Ms. Hassell's treatment notes. Therefore, the ALJ's first reason for

13   finding Ms. Hassell's opinion unpersuasive is not valid. *See Tackett v. Apfel*, 180 F.3d 1094,

14   1098 (9th Cir. 1999) (the Commissioner's decision "cannot be affirmed simply by isolating a

15   specific quantum of supporting evidence.").

16             Second, the ALJ found Ms. Hassell's opinion was not supported by the longitudinal

17   record, referencing his findings related to Dr. Maciel's opinion. AR 29. As detailed above, the

18   Court finds the ALJ did not properly consider the longitudinal record when discounting Dr.

19   Maciel's opinion. For those same reasons, the ALJ's conclusory finding that Ms. Hassell's

20   opinion is unsupported by the longitudinal record is insufficient to reject her opinion.

21             As the ALJ has not provided a legally sufficient reason that is supported by substantial

22   evidence for finding Ms. Hassell's opinion is unpersuasive, the ALJ erred. The ALJ's error is not

23   harmless because, if the ALJ had properly considered Ms. Hassell's opinion, the ALJ may have

24

1   included additional limitations in the RFC, such as limitations in Plaintiff's workplace

2   attendance. Accordingly, the ALJ's error requires reversal.

3        B.  *Lay Witness Evidence*

4        Plaintiff contends the ALJ erred by failing to properly consider the statements from Erin

5   J., Plaintiff's wife, and Patrick Clifford, an independent vocational expert ("lay witness

6   evidence"). Dkt. 9 at 12-16.

7        Under the revised regulations, ALJs are "not required to articulate" how they evaluate

8   evidence from nonmedical sources using the same factors applicable to medical opinion

9   evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth Circuit has not yet clarified

10  whether an ALJ is still required to provide "germane reasons" for discounting lay witness

11  testimony. *See Stephens v. Kijakazi*, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023). Other

12  relevant regulations indicate that ALJs will consider evidence from nonmedical sources when

13  evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3),

14  416.929(c)(1), 416.945(a)(3). And, an ALJ may not reject "significant probative evidence"

15  without explanation. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

16       The Court does not find the new regulations eliminate an ALJ's obligation to consider

17  and address nonmedical source evidence, including an obligation to articulate germane reasons

18  for disregarding that same evidence. Further, as the Ninth Circuit law remains unsettled, the

19  Court finds that Ninth Circuit precedent continues to require an ALJ to provide germane reasons

20  for discounting nonmedical source evidence. *See Megan Ann D., v. Comm'r of Soc. Sec.*, 2024

21  WL 1308928, at *5 (D. Idaho Mar. 27, 2024) (finding germane reasons are still required); *Gary*

22  *J.D. v. Comm'r of Soc. Sec.*, 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023) ("That an

23  ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the

24  Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some

1   rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are

2   free of legal error and supported by substantial evidence.").

3        Here, Defendant concedes that the ALJ did not consider the statement from Erin J. *See*

4   Dkt. 15 at 12. As the ALJ failed to provide any reason for discounting Erin. J's statement, the

5   ALJ erred. Defendant also argues the ALJ did not need to provide any germane reasons for

6   discounting Mr. Clifford's statement, but argues the ALJ provided valid reasons for finding Mr.

7   Clifford's report unpersuasive. *See id*. at 12-13. The Court has found the ALJ's errors in

8   consideration of the medical opinion evidence require reversal. On remand, the ALJ is directed

9   to consider the lay witness evidence and, if the lay witness evidence is discounted, the ALJ must

10  articulate germane reasons for doing so.

11       C.  *Subjective Symptom Testimony and RFC*

12       Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

13  Plaintiff's testimony about his symptoms and limitations. Dkt. 9 at 7-12. He also argues the ALJ

14  erred in consideration of the RFC. *Id*. at 16-17. The Court concludes the ALJ committed harmful

15  error in assessing the medical opinion evidence. Because of these errors, the ALJ must re-

16  evaluate all the medical evidence on remand. *See* Section A, *supra*. Plaintiff may be able to

17  present new evidence and new testimony on remand and the ALJ's reconsideration of the

18  medical evidence may impact his assessment of Plaintiff's subjective testimony and the RFC;

19  therefore, the ALJ must reconsider Plaintiff's testimony on remand and must reassess the RFC.

20  *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and

21  address medical source opinions"); *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into

22  account a claimant's limitations is defective"); *Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D.

23  Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when

24  the ALJ did not properly consider two physicians' findings).

1      D.  *Remand for Further Proceedings*

2          Plaintiff argues this case should be remanded for an award of benefits. Dkt. 9 at 18.

3      Defendant maintains that, if this matter is remanded, it should be remanded for further

4      proceedings. Dkt. 15 at 14-15. The Court may remand a case "either for additional evidence and

5      findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an

6      ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for

7      additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

8      (citations omitted). The Court has reviewed the record and the ALJ's errors. The Court has

9      determined the ALJ must re-evaluate the medical opinion evidence, lay witness evidence, and

10     Plaintiff's subjective symptom testimony. The Court, considering the record as a whole, finds

11     remand for further administrative proceedings is the appropriate remedy in this matter.

12     **IV.   Conclusion**

13         Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff

14     was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter

15     is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. §

16     405(g) in accordance with this Order.

17         Dated this 13th day of September, 2024.

18

19                                                David W. Christel
                                                  United States Magistrate Judge
20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11